UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ISMAIL HOSSAIN,

Petitioner,

v.

KRISTI NOEM, Secretary of the
Department of Homeland Security, et al.,

Respondents.

Case No.:  25cv3815-LL-AHG

**ORDER GRANTING AMENDED
PETITION FOR WRIT OF HABEAS
CORPUS UNDER 28 U.S.C. § 2241**

[ECF No. 4]

Before the Court is Petitioner Ismail Hossain's Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 4 ("Pet."). Respondent filed a Return in opposition to the Amended Petition [ECF No. 10], and Petitioner filed a Traverse [ECF No. 13]. For the reasons set forth below, the Court **GRANTS** the Amended Petition.

## I.     BACKGROUND

Petitioner Ismail Hossain is a native of Bangladesh who came to the United States in January 2025 seeking asylum from political persecution and torture in Bangladesh. Pet. at 2; ECF No. 4-1, Declaration of Ismail Hossain ("Hossain Decl."), ¶¶ 1–2. He was immediately detained, found to have a credible fear of persecution in March 2025, and submitted an application for asylum around July 2025, which remains pending. Pet. at 2. Petitioner was issued a Notice to Appear in March 2025, initiating removal proceedings

under 8 U.S.C. § 1229a. ECF No. 10 at 2. He remains mandatorily detained under 8 U.S.C. § 1225(b)(1)(B). *Id.*

## II.   LEGAL STANDARD

A district court may grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'"). In federal habeas proceedings, the petitioner bears the burden of proving his case by a preponderance of evidence. *Lambert v. Blodgett*, 393 F.3d 943, 970 n.16 (9th Cir. 2004); *Bellew v. Gunn*, 532 F.2d 1288, 1290 (9th Cir. 1976) (citations omitted).

## III.   DISCUSSION

### A.   Jurisdiction

Respondent states that as a threshold matter, Petitioner's claims are jurisdictionally barred under 8 U.S.C. § 1252(g), but makes no arguments in support. ECF No. 10 at 1.

#### 1.   8 U.S.C. § 1252(g)

Section 1252(g) states that "[e]xcept as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

The Court finds § 1252(g) does not bar its jurisdiction over Petitioner's claims. The Supreme Court has explained that § 1252(g) does not bar jurisdiction for the "universe of deportation claims" but instead "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *see also Ibarra-Perez v. United States*, No. 24-631, 2025 WL 2461663, at *2

(9th Cir. Aug. 27, 2025) ("The Supreme Court has instructed that we should read § 1252(g) narrowly."). The Supreme Court later reiterated this narrow application of § 1252(g): "We did not interpret this language to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (citation omitted). Petitioner is not challenging the commencement of removal proceedings but is instead claiming a lack of legal authority to detain him for a prolonged time without a bond hearing during proceedings. *See Ibarra-Perez*, 2025 WL 2461663, at *2 (noting that a claim based on a lack of legal authority to execute a removal order due to a violation of a court order, the Constitution, INA, or international law, does not challenge the decision or action to execute a removal order). Therefore, § 1252(g) does not limit the Court's jurisdiction in this matter.

**B.     Fifth Amendment Due Process Clause**

Petitioner contends that his prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. Pet. at 4–9. Respondents disagree that his detention is unconstitutionally prolonged and argue that there is no due process violation because Petitioner is detained pursuant to § 1225(b)(1), which mandates detention through the conclusion of the removal process, and that is all the process he will receive. ECF No. 10 at 5–9.

The Due Process Clause of the Fifth Amendment provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Demore v. Kim*, 538 U.S. 510, 523 (2003) (citing *Reno v. Flores*, 507 U.S. 292, 306 (1993)). "At the same time, however, this Court has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Id.* The Ninth Circuit has questioned the constitutionality of certain immigration detention statutes, including § 1225(b):

25cv3815-LL-AHG

> We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so. Arbitrary civil detention is not a feature of our American government. "[L]iberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755, 107 S. Ct. 2095, 95 L.Ed.2d 697 (1987). Civil detention violates due process outside of "certain special and narrow nonpunitive circumstances." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S. Ct. 2491, 150 L.Ed.2d 653 (2001) (internal quotation marks and citation omitted).

*Rodriguez v. Marin*, 909 F.3d 252, 256–57 (9th Cir. 2018) (alteration in original).

The Court agrees with those courts that have found a noncitizen detained under § 1225(b) for a prolonged period without an individualized bond hearing may assert a constitutional right to due process. *See Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *2 (S.D. Cal. Nov. 12, 2025) ("This Court agrees with the majority position that a petitioner detained under Section 1225(b)(1) may assert a due process challenge to prolonged mandatory detention without a bond hearing."); *Maksin v. Warden, Golden State Annex*, No. 1:25-CV-00955-SKO (HC), 2025 WL 2879328, at *3 (E.D. Cal. Oct. 9, 2025) ("Several courts including the Third, Sixth, and Ninth Circuit, as well as numerous district courts, have found that unreasonably long detention periods may violate the due process clause." (collecting cases)); *Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-CV-00098-SAB-HC, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) ("[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" (quoting *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), *report and recommendation adopted,* No. 18-CV-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019))); *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing

4

violates due process."); *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116–17 (W.D. Wash. 2019).

Respondents rely on two cases to support their argument that § 1225(b)(1) and its provision for mandatory detention provides all the process that Petitioner is due, but the Court is not persuaded. ECF No. 10 at 5–7 (citing *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020), and *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953)). In *Thuraissigiam*, the habeas petitioner argued that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 violated "his right to due process by precluding judicial review of his allegedly flawed credible-fear proceeding." *Thuraissigiam*, 591 U.S. at 138. The Supreme Court found that the petitioner, as an applicant for admission, was provided "the right to a determination whether he had a significant possibility of establishing eligibility for asylum" pursuant to § 1225(b), and that he had "only those rights regarding admission that Congress has provided by statute." *Id.* at 140 (internal quotation marks and brackets omitted) (quoting §§ 1225(b)(1)(B)(ii), (v)). The Court finds *Thuraissigiam* addressed a noncitizen's right to challenge *admission*, not detention. *See, e.g.*, *Sadeqi*, 2025 WL 3154520, at *2 ("This Court likewise agrees with those district courts that interpret *Thuraissigiam* as circumscribing an arriving alien's due process rights to *admission*, rather than limiting that person's ability to challenge *detention*."); *Aviles-Mena v. Kaiser*, No. 25-CV-06783-RFL, 2025 WL 2578215, at *4 (N.D. Cal. Sept. 5, 2025) (finding *Thuraissigiam* inapplicable to cases challenging detention).

The Court finds *Mezei* is also distinguishable. *Mezei* involved a noncitizen who had been "permanently excluded from the United States on security grounds but stranded in his temporary haven on Ellis Island because other countries [would] not take him back." *Mezei*, 345 U.S. at 207. The Supreme Court recognized Mezei's exclusion for security reasons as different from noncitizens who may be released from detention on bond. *Id.* at 216 ("An exclusion proceeding grounded on danger to the national security, however, presents different considerations; neither the rationale nor the statutory authority for such release

5

exists."). The facts are significantly different because Petitioner has not been excluded as a security risk and does not have a final order of removal. *See Rosales-Garcia v. Holland*, 322 F.3d 386, 413–14 (6th Cir. 2003) ("[T]he *Mezei* Court explicitly grounded its decision in the special circumstances of a national emergency and the determination by the Attorney General that Mezei presented a threat to national security."); *Kydyrali*, 499 F. Supp. 3d at 772 (finding *Mezei* inapposite to issue of whether prolonged detention without a bond hearing violates due process).

Petitioner contends that applying any of the various factor tests used by courts—including the six-factor balancing test articulated in *Banda v. McAleenan*, 385 F. Supp. 3d 1099 (W.D. Wash. 2019)—shows that his detention violates his due process rights. Pet. at 6. Respondents apply a different balancing test discussed in *Lopez v. Garland*, 631 F. Supp. 3d 870 (E.D. Cal. 2022) and argue that applying those factors shows that Petitioner's detention is not unconstitutional. ECF No. 10 at 7–8.

Courts in the Ninth Circuit have used various factor tests to determine whether due process requires a bond hearing in immigration detention cases, including the *Banda* and *Lopez* tests. In *Banda*, the court considered the following factors to determine whether prolonged mandatory detention under § 1225(b) in a particular case violates the Due Process Clause: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal." *Banda*, 385 F. Supp. 3d at 1118 (quoting *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858–59 (D. Minn. 2019)). Because the *Lopez* test examines factors that are also articulated in *Banda*, the Court will apply the *Lopez* balancing test here.

In the *Lopez* test, the court considers "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez*, 631 F. Supp. 3d at 879.

25cv3815-LL-AHG

Petitioner has been in immigration detention since January 2025, which is over thirteen months. Courts have found detentions of similar and shorter duration without a bond hearing weigh toward a finding that they are unreasonable. *See, e.g.*, *Sadeqi v. LaRose*, 2025 WL 3154520, at *4 (finding detention of over eleven months weighs toward a finding of unreasonableness); *Tonoyan v. Andrews*, No. 1:25-CV-00815-SKO (HC), 2025 WL 3013684, at *4 (E.D. Cal. Oct. 28, 2025) (over eleven months); *Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) (nearly nine months); *Cabral v. Decker*, 331 F. Supp. 3d 255, 261 (S.D.N.Y. 2018) (over seven months). Therefore, the Court finds the length of detention weighs in favor of Petitioner.

Next, the Court considers the likely duration of future detention. Petitioner's individual merits hearing is scheduled for April 29, 2026. ECF No. 10 at 2 At this hearing, if Petitioner is awarded asylum and the Department of Homeland Security does not appeal, he will be released, but in any other scenario—such as if DHS appeals or if Petitioner is granted withholding but not asylum—he is likely to be detained for months. *See, e.g.*, *Guarin v. LaRose*, No. 25-CV-03085-DMS-VET, 2025 WL 3440689, at *1 (S.D. Cal. Dec. 1, 2025) (withholding of removal granted May 22, 2025 and petitioner filed habeas petition for prolonged detention almost six months later); *C.M.S. v. Oddo*, No. 3:25-CV-00216, 2025 WL 3442697, at *1 (W.D. Pa. Dec. 1, 2025) (petitioner detained for more than ten months after a final order of removal with withholding granted and only released upon writ of habeas corpus); *Maksim v. Annex*, No. 1:25-CV-00955-SKO (HC), 2025 WL 2879328, at *4 (E.D. Cal. Oct. 9, 2025) (finding determination of asylum application and subsequent appeal could take a substantial amount of time). The Court finds this factor weighs in favor of Petitioner.

Finally, the Court considers whether delays in the removal proceedings were caused by Petitioner or the government. Petitioner delayed several months to find an attorney and gather, translate, and submit evidence in support of his asylum application. Pet. at 8; ECF No. 10 at 7–8; ECF No. 13 at 4. The government delayed twice to find an interpreter, and then by reassigning his case to a different immigration judge instead of holding Petitioner's

final hearing in December 2025, which pushed his final hearing four months to April 29, 2026. ECF No. 10 at 8; ECF No. 13 at 4. The Court finds this delay factor is slightly in favor of Petitioner.

Considering all the factors, the Court finds Petitioner's mandatory detention under § 1225(b) has become unreasonable and that due process requires that he be provided with a bond hearing. *See Rodriguez v. Robbins*, 715 F.3d 1127, 1144 (9th Cir. 2013) ("[W]e note that the discretionary parole system available to § 1225(b) detainees is not sufficient to overcome the constitutional concerns raised by prolonged mandatory detention."). At the bond hearing before a neutral immigration judge, Respondents "must justify his continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released." *Gao*, 2025 WL 2770633, at *5 (citations omitted); *Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024) (noting that due process requires "the government to prove dangerousness or risk of flight by clear and convincing evidence" at a bond hearing for noncitizens subject to prolonged detention (citing *Singh v. Holder*, 638 F.3d 1196, 1200, 1205 (9th Cir. 2011))).

Accordingly, the Court **GRANTS** the Amended Petition.

**IV.   CONCLUSION**

For the reasons above, the Court **GRANTS** Petitioner's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Within **seven days** of this Order, Respondents are directed to arrange an individualized bond hearing before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released.

**IT IS SO ORDERED**.

Dated:  March 6, 2026

_____
Honorable Linda Lopez
United States District Judge

25cv3815-LL-AHG